UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Husqvarna AB,<br><br>                        Plaintiff,<br><br>    v.<br><br>The Toro Company,<br><br>                        Defendant. | Case No. 3:14-cv-00103<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Husqvarna AB ("Husqvarna") files this Complaint for patent infringement under 35 U.S.C. § 271 and alleges as follows:

## PARTIES

1. Plaintiff Husqvarna is a company organized and existing under the laws of Sweden with its principal place of business at Box 7454, SE-103 92 Stockholm, Sweden.

2. Upon information and belief, Defendant The Toro Company ("Toro") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 8111 Lyndale Avenue South, Bloomington, Minnesota 55420-1196.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271.

4. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, this Court has personal jurisdiction over Toro, consistent with the principles of due process and the long-arm statute of North Carolina, N.C. Gen. Stat. § 1-75.4(1), because Toro has conducted and does conduct substantial business within the State of North Carolina. Toro, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises (including the provision of an interactive web page) its products (including its infringing products) in the United States, the State of North Carolina, and the Western District of North Carolina. Toro's interactive web page lists several dealers in this District from which consumers can purchase its infringing products. Toro, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Western District of North Carolina. These infringing products have been and continue to be purchased and used by consumers in the Western District of North Carolina. Toro has committed acts of patent infringement within the State of North Carolina and, more particularly, within the Western District of North Carolina.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## ASSERTED PATENTS

7. On July 4, 2006, United States Patent No. 7,071,436 ("the '436 Patent"), entitled "Starter," was duly and legally issued with Paul David Coates as the named inventor after a full and fair examination. Husqvarna owns all rights, title, and interest in and to the '436 Patent and possesses all rights of recovery under the '436 Patent. A true and correct copy of the '436 Patent is attached as Exhibit A.

8. On January 11, 2011, United States Patent No. 7,866,134 ("the '134 Patent"), entitled "Positive Grass Collector Attachment Positioning," was duly and legally issued with Matt Lambert and Nicholas Hansen as the named inventors after a full and fair examination. Husqvarna owns all rights, title, and interest in and to the '134 Patent and possesses all rights of recovery under the '134 Patent. A true and correct copy of the '134 Patent is attached as Exhibit B.

9. Husqvarna complied with the statutory requirement of placing a notice of the '436 Patent and the '134 Patent (collectively, "the Husqvarna Patents") on all the relevant products it manufactures and sells, pursuant to 35 U.S.C. § 287(a).

## TORO'S INFRINGEMENT

10. Toro is infringing the Husqvarna Patents by making, using, offering to sell, selling, and/or importing in the United States products that practice one or more inventions claimed in the Husqvarna Patents. Specifically, at least Toro's Recycler 22-inch Personal Pace Electric Start Mower (Toro Model No. 20334) and Toro's Recycler 22-inch Variable Speed High Wheel Mower (Toro Model No. 20371) infringe one or more claims of the Husqvarna Patents.

11. Toro has profited through infringement of the Husqvarna Patents. As a result of Toro's unlawful infringement of the Husqvarna Patents, Husqvarna has suffered and will continue to suffer damage. Husqvarna is entitled to recover from Toro the damages suffered by Husqvarna as a result of Toro's unlawful acts.

12. On information and belief, Toro's infringement of the Husqvarna Patents is willful and deliberate, entitling Husqvarna to enhanced damages and reasonable attorney fees and costs.

13. On information and belief, Toro intends to continue their unlawful infringing activity, and Husqvarna continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—from such unlawful infringing activity unless Toro is enjoined by this Court.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,071,436

14. Husqvarna realleges and incorporates by reference the allegations set forth in paragraphs 1–13.

15. Toro directly infringes the '436 Patent by making, using, offering for sale, selling, and/or importing in the United States products with an electric starter that are covered by one or more claims of the '436 Patent, such as Toro's Recycler 22-inch Personal Pace Electric Start Mower (Toro Model No. 20334).

16. Toro indirectly infringes the '436 Patent by inducing infringement by others, such as resellers and end users, in accordance with 35 U.S.C. § 271(b) in this District and elsewhere in the United States. Direct infringement is the result of sales to end users and the subsequent use of Toro infringing products with an electric starter, such as Toro's Recycler 22-inch Personal Pace Electric Start Mower (Toro Model No. 20334). Toro had knowledge of the '436 Patent at least as early as the filing of the Complaint, and on information and belief, as early as when Husqvarna began marking its products with the '436 Patent.

17. Toro's affirmative acts of manufacturing, importing, and selling its infringing products with an electric starter, such as Toro's Recycler 22-inch Personal Pace Electric Start Mower (Toro Model No. 20334), causing such products to be sold by resellers and used by end users, thereby infringing the '436 Patent. Through its manufacture, import, and sales of such infringing products, Toro specifically intends its resellers and end users to infringe the '436

Patent; further, Toro is aware that these activities would infringe the '436 Patent. Toro performs the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '436 Patent or willful blindness that the induced acts would constitute infringement.

18. Toro indirectly infringes the '436 Patent by contributing to infringement by others, such as resellers and end users, in accordance with 35 U.S.C. § 271(c) in this District and elsewhere in the United States. Direct infringement is the result of sales to end users and the subsequent use of Toro infringing products with an electric starter, such as Toro's Recycler 22-inch Personal Pace Electric Start Mower (Toro Model No. 20334). Toro had knowledge of the '436 Patent at least as early as the filing of the Complaint, and on information and belief, as early as when Husqvarna began marking its products with the '436 Patent.

19. The electric starters included on Toro's infringing products, such as Toro's Recycler 22-inch Personal Pace Electric Start Mower (Toro Model No. 20334), constitute a material part of the invention of the '436 Patent and are especially made for the infringing manufacture, sale, and use of Toro's infringing products. Toro's electric starter has no substantial non-infringing uses. Accordingly, Toro offers to sell, sells, and/or imports in the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing the '436 Patent, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,866,134

20. Husqvarna realleges and incorporates by reference the allegations set forth in paragraphs 1–13.

21. Toro directly infringes the '134 Patent by making, using, offering for sale, selling, and/or importing in the United States products with positive grass collector attachment positioning that are covered by one or more claims of the '134 Patent, such as Toro's Recycler 22-inch Variable High Wheel Mower (Toro Model No. 20371).

22. Toro indirectly infringes the '134 Patent by inducing infringement by others, such as resellers and end users, in accordance with 35 U.S.C. § 271(b) in this District and elsewhere in the United States. Direct infringement is the result of sales to end users and the subsequent use of Toro infringing products with grass collector attachment positioning, such as Toro's Recycler 22-inch Variable High Wheel Mower (Toro Model No. 20371). Toro had knowledge of the '134 Patent at least as early as the filing of the Complaint, and on information and belief, as early as when Husqvarna began marking its products with the '134 Patent.

23. Toro's affirmative acts of manufacturing, importing, and selling its infringing products with grass collector attachment positioning, such as Toro's Recycler 22-inch Variable High Wheel Mower (Toro Model No. 20371), causing such products to be sold by resellers and used by end users, thereby infringing the '134 Patent. Through its manufacture, import, and sales of such infringing products, Toro specifically intends its resellers and manufacturers to infringe the '134 Patent; further, Toro is aware that these activities would infringe the '134 Patent. Toro performs the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '134 Patent or willful blindness that the induced acts would constitute infringement.

24. Toro indirectly infringes the '134 Patent by contributing to infringement by others, such as resellers and end users, in accordance with 35 U.S.C. § 271(c) in this District and elsewhere in the United States. Direct infringement is the result of sales to end users and the subsequent use of Toro infringing products with positive grass collector attachment positioning, such as Toro's Recycler 22-inch Variable High Wheel Mower (Toro Model No. 20371). Toro had knowledge of the '134 Patent at least as early as the filing of the Complaint, and on information and belief, as early as when Husqvarna began marking its products with the '134 Patent.

25. Toro's positive grass collector attachment positioning feature, included on infringing products such as Toro's Recycler 22-inch Variable High Wheel Mower (Toro Model No. 20371), constitutes a material part of the invention of the '134 Patent and is especially made for the infringing manufacture, sale, and use of Toro's infringing products. Toro's positive grass collector attachment positioning feature has no substantial non-infringing uses. Accordingly, Toro offers to sell, sells, and/or imports in the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing the '134 Patent, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

## **DEMAND FOR JURY TRIAL**

26. Husqvarna respectfully demands a jury trial for all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Husqvarna prays for the following relief:

A. A judgment declaring that Toro has directly infringed, contributorily infringed, and/or induced infringement of the Husqvarna Patents;

B. A judgment awarding Husqvarna compensatory damages resulting from Toro's infringement of the Husqvarna Patents, together with interest and costs, and in no event less than a reasonable royalty;

C. A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Toro from further acts of infringement;

D. A judgment declaring that Toro's infringement of the Husqvarna Patents has been willful and deliberate;

E. A judgment awarding Husqvarna treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Toro's willful and deliberate infringement of the Husqvarna Patents;

F. A judgment declaring that this case is exceptional and awarding Husqvarna its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

G. Such other and further relief as the Court may deem just and proper.

Dated: March 10, 2014						Respectfully submitted,


								*s/ Steven T. Snyder*
								Timothy G. Barber (NC Bar No. 12851)
								tbarber@kslaw.com
								Steven T. Snyder (NC Bar No. 40421)
								ssnyder@kslaw.com
								Anup M. Shah (NC Bar No. 37042)
								ashah@kslaw.com
								King & Spalding LLP
								100 N. Tryon Street, Suite 3900
								Charlotte, NC 28202
								Telephone: (704) 503-2600
								Facsimile: (704) 503-2622

								ATTORNEYS FOR PLAINTIFF
								HUSQVARNA AB