**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-103-RJC-DCK**

| | |
|---|---|
| HUSQVARNA AB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| THE TORO COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss Plaintiff Husqvarna AB's Claims Of Willful Infringement and Indirect Infringement" (Document No. 13). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will recommend that the motion be <u>denied</u>.

## BACKGROUND

Husqvarna AB ("Plaintiff" or "Husqvarna") initiated this action with the filing of its "Complaint" (Document No. 1) on March 10, 2014. The Complaint asserts two counts of patent infringement against Defendant The Toro Company ("Defendant" or "Toro"). (Document No. 1).

Defendant's "Motion To Dismiss Plaintiff Husqvarna AB's Claims Of Willful Infringement and Indirect Infringement" (Document No. 13) was then filed on August 19, 2014.

On September 5, 2014, Plaintiff filed an "Amended Complaint" (Document No. 16) pursuant to Fed.R.Civ.P. 15(a), as well as "Plaintiff Husqvarna AB's Opposition To Toro's Motion To Dismiss" (Document No. 17).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

**DISCUSSION**

As noted above, Plaintiff filed its "Amended Complaint" (Document No. 16) on September 5, 2014, within twenty-one (21) days of Defendant filing its Rule 12(b) motion to dismiss. Based on the foregoing standard of review, and because the Amended Complaint supersedes the original Complaint, the undersigned will respectfully recommend that Defendant's "Motion To Dismiss Plaintiff Husqvarna AB's Claims Of Willful Infringement and Indirect Infringement" (Document No. 13) be denied as moot. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint, if appropriate.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion To Dismiss Plaintiff Husqvarna AB's Claims Of Willful Infringement and Indirect Infringement" (Document No. 13) be **DENIED AS MOOT**.

**TIME FOR OBJECTIONS**

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **IT IS SO RECOMMENDED**.

        Signed: September 8, 2014

        _____
        David C. Keesler
        United States Magistrate Judge