**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-103-RJC-DCK**

| | |
|---|---|
| HUSQVARNA AB., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )        **ORDER** |
| | ) |
| THE TORO COMPANY, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER** comes before the Court on Defendant's Renewed Motion to Dismiss

and Memorandum in Support, (Doc. Nos. 19, 20); Defendant's Motion to Stay Pending

Reexamination and Memorandum in Support, (Doc. Nos. 23, 24); Defendant's Motion to

Transfer Venue and Memorandum in Support, (Doc. Nos. 25, 24); the Magistrate Judge's

Memorandum and Recommendation ("M&R"), (Doc. No. 39); Plaintiff's Objections to the

M&R, (Doc. No. 40); and Defendant's Reply to Plaintiff's Objection, (Doc. No. 41).

In the M&R, the Magistrate Judge recommended that Defendant's Motion to Transfer

Venue be granted; that Defendant's Motion to Dismiss be denied without prejudice; and that

Defendant's Motion to Stay be denied as moot. This matter is now ripe for review.

## I.      BACKGROUND

Husqvarna AB ("Plaintiff") initiated this action with the filing of its "Complaint", (Doc.

No. 1), on March 10, 2014. The Complaint asserted two counts of patent infringement against

The Toro Company ("Defendant"). (Doc. No. 1). Defendant's "Motion to Dismiss," (Doc. No.

13), was then filed on August 19, 2014.

On September 5, 2014, Plaintiff filed an "Amended Complaint," (Document No. 16),

pursuant to Fed.R.Civ.P. 15(a), as well as "Plaintiff Husqvarna AB's Opposition To Toro's Motion To Dismiss." (Doc. No. 17). The "Amended Complaint" alleges that Defendant is infringing Plaintiff's patents "by making, using, offering to sell, selling, and/or importing in the United States products that practice one or more inventions claimed in the Husqvarna Patents," (Doc. No. 16 at 4). "Specifically, at least Toro's Recycler 22-inch Personal Pace Electric Start Mower (Toro Model No. 20334) and Toro's Recycler 22-inch Variable Speed High Wheel Mower (Toro Model No. 20371) infringe one or more claims of the Husqvarna Patents." Id.

Based on the "Amended Complaint," the Magistrate Judge issued an initial "Memorandum And Recommendation", (Doc. No. 18), on September 8, 2014, recommending that Defendant's "Motion To Dismiss," (Doc. No. 13), be denied as moot. This Court adopted those recommendations on October 9, 2014. (Doc. No. 22).

Defendant filed its "Renewed Motion To Dismiss," (Doc. No. 19), on September 22, 2014, and then filed its "Motion To Stay Pending Reexamination," (Doc. No. 23), and it's "Motion To Transfer," (Doc. No. 25), on October 10, 2014. Accordingly, the Magistrate Judge issued a "Memorandum And Recommendation" ("M&R"), (Doc. No. 39), on April, 1, 2015, whereby he recommended that this Court grant Defendant's Motion To Transfer, deny Defendant's Motion to Dismiss without prejudice, and deny as moot Defendant's Motion To Stay. This matter is now ripe for review.

## II.     STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required by the statute when an objecting party makes only general

or conclusory objections that do not direct the court to a specific error in the magistrate judge's

recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982).  Further, the statute does not

on its face require any review at all of issues that are not the subject of an objection. Thomas v.

Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200.  Nonetheless, a district judge is

responsible for the final determination and outcome of the case, and accordingly this Court has

conducted a careful review of the Magistrate Judge's M&R.

## III.    DISCUSSION

Plaintiff objects only to the portion of the M&R that recommends granting Defendant's

Motion to Transfer Venue, and contends that the M&R ignores critical facts and draws improper

legal conclusions. Specifically, Plaintiff objects to these findings of fact and law made in support

of the Recommendation: (a) the Recommendation's failure to give deference to Plaintiff's choice

of forum, and (b) the Recommendation's reliance on prior inaccurate determinations, which

tainted the remainder of the change of venue inquiry. (See Doc. No. 40).

### A.      Failure to Give Deference to Plaintiff's Choice of Forum

Plaintiff asserts the Recommendation improperly fails to give deference to its choice of

forum, and instead incorrectly concludes that Plaintiff chose a foreign forum with little

connection to Plaintiff's cause of action. Specifically, Plaintiff argues that the Magistrate Judge

erred in his Recommendation by: (1) ignoring the fact that an inventor is located in this District,

and (2) failing to acknowledge and properly consider evidence demonstrating this District's

substantial ties to the cause of action.

#### 1.   Residence of Inventor and Plaintiff's "At Home" Argument

Plaintiff objects to the Recommendation's conclusion that Plaintiff's choice of forum

should not be afforded deference because it is not "at home" and has chosen a foreign forum.

(Doc. No. 40 at 4). A plaintiff's choice of forum carries considerable weight; however, this choice is given far less weight if the forum is neither the plaintiff's residence, Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93, 96 (W.D.N.C. 1990), nor the place where the operative events occurred. Sandvik Intellectual Prop. AB v. Kennametal, Inc., 1:09-CV-163-MR, 2010 WL 1924505, at *6 (W.D.N.C. 2010) (citing Ion Beam Applications S.A. v. Titan Corp., 156 F. Supp. 2d 552, 563 (E.D.Va. 2000)). For the purposes of determining appropriate venue, a party's "home forum" is one in which it is a citizen of the state in which its principal place of business is located. See DiFederico v. Mariott Int'l, Inc., 714 F.3d 796 (4th Cir. 2013); See also Hertz Corp. v. Friend, 559 U.S. 77, 92 (2010).

Here, Plaintiff argues that the Recommendation improperly ignored the fact that one of the named inventors, Mr. Matthew Lambert, resides in this District and is employed by one of Plaintiff's subsidiaries, Husqvarna Professional Products, Inc. ("HPP"), which is also located in this District. (Doc. No. 40 at 4-5). However, the recommendation adequately considered the location of HPP, as well as the other non-party subsidiary located in this District, Husqvarna Consumer Outdoor Products, N.A., Inc. ("HCOP"), and correctly concluded that the residence of one non-party witness and the locations of non-party subsidiaries are insufficient to establish that Plaintiff is effectively "at home" in this District. (Doc. No. 39 at 5-7); C.f. General Creation LLC v. Leapfrog Enterprises, Inc., 192 F. Supp. 2d 503, 504-05 (W.D. Va. 2002) (affording deference to the plaintiff's choice of forum because the jurisdiction was the co-plaintiff subsidiary's home forum and had a legitimate interest in the patents).

Plaintiff, who is based out of Sweden and has its principal place of business in Stockholm, (See Doc. No. 16), also alleges that the Charlotte location of its North American headquarters is sufficient to warrant "at home deference" to its choice of forum. (Doc. No. 40 at

5). However, Plaintiff's assertion that the location of a global company's regional office is insufficient on its own to establish this District as its "home forum." See Sandvik Intellectual, 2010 WL 1924505, at *6 (determining the "residence of the parties" factor was not influenced by plaintiff's regional office in North Carolina, since the plaintiff's corporate residence was in Sweden and the defendant's corporate residence was in Pennsylvania).

Though the residence of the parties heavily influences an inquiry into transfer of venue, Plaintiff's reliance on a singular witness' residence and on the location of two legally independent non-party subsidiaries, (Doc. No. 40 at 4-5), (Doc. No. 31 at 10-12), (Doc. No. 39 at 7), (Doc. No. 41 at 7-8), (See also Doc. No. 16), is insufficient to prove Plaintiff is "at home" in this District. See General Creation, 192 F. Supp. 2d at 504-05; Corning Optical Communications Wireless, Ltd. v. Solid, Inc., No. 3:14-CV-367-HEH, 2014 WL 4104058, at *5 (E.D.Va. 2014) (rejecting plaintiff's argument that the location of a related entity who is not a party and does not own the patent at issue is sufficient to establish that the venue Plaintiff brought suit in was its "home forum").  Therefore, this Court finds the Recommendation adequately weighed the inventor's current location in this District and properly determined it was not dispositive.

2.   This District's "Substantial Ties" to the Cause of Action

Plaintiff also objects to the Recommendation's determination that there are insufficient ties connecting this District to Plaintiff's cause of action. When the conduct giving rise to the complaint did not occur in the forum district, the weight of that chosen forum is diminished significantly. Parham v. Weave Corp., 323 F. Supp. 2d 741, 743 (M.D.N.C. 2004); See also Global Tel Link Corp. v. Securus Technologies Inc., 2014 WL 860609, at *4 (E.D.Va. March 5, 2014) ("[I]f none of the operative events in the lawsuit took place in the district in which the action was originally filed, a motion to transfer to the district in which the events occurred is

likely to succeed.") (quoting <u>Finmeccanica S.p.A. v. General Motors Corp.</u>, No. 1:07-CV-794-JCC, 2007 WL 4143074, *4 (E.D.Va. Nov. 19, 2007)).

Here, Plaintiff argues that the location of its North American headquarters, residences of witnesses, and sales activity are sufficient to establish this District's substantial ties to the cause of action. (Doc. No. 40 at 6-10). However, the Plaintiff has failed to prove these contacts are sufficiently connected specifically to this District. (Doc. Nos. 39 at 5, 26 at 8); <u>See</u> <u>Fairchild Semiconductor Corp. v. Nintendo Co.</u>, 810 F. Supp. 173, 175 (D.S.C.) (declaring that sales are typically not sufficient to establish a material connection to the forum if those products are sold in numerous states across the United States). Although Plaintiff contends the Recommendation improperly relies on its sales activity only and ignores other relevant evidence, Plaintiff has not offered any other viable support aside from sales activity. (Doc. No. 40 at 7).[1] The fact that the accused products were sold across the United States, rather than in the Western District of North Carolina specifically, prevents Plaintiff from establishing a legitimate connection to this forum based on sales or marketing tactics alone. <u>Fairchild Semiconductor</u>, 810 F.Supp at 175; <u>See also</u> <u>Acterna, L.L.C., v. Adtech, Inc.</u>, 129 F.Supp. 2d 936, 938 (E.D.Va. 2001) ("Federal courts are not solicitous of plaintiff's claiming 'substantial weight' for their forum choice where the connection with the forum is limited to sales activity without more.")

Furthermore, Plaintiff argues that the Recommendation failed to consider "other possible connections to the forum" and asserts that the requisite contacts to a forum sufficient to connect a plaintiff's cause of action may be established through ties to the production or development of

---

[1] Plaintiff does assert that, aside from Mr. Lambert, another key inventor resides in Fayetteville, Georgia (Doc. Nos. 26 at 11-12, 39 at 10); however, this fails to actually support Plaintiff's claim of "significant ties to its cause of action in this District beyond the presence of one of the named investors." (Doc. No. 40 at 7). Although substantially closer to Charlotte than to Minneapolis, <u>id.</u>, an inventor's residence in Fayetteville, Georgia does not prove any connection to the Western District of North Carolina. <u>See</u> <u>Bluestone Innovations, LLC v. LG Electronics, Inc.</u>, 940 F. Supp. 2d 310, 314-15 (E.D.Va. 2013) (holding that an employee's residence being closer to one district than another, but actually being located in neither, does not establish a connection between the employer and the chosen forum).

products based on the patents at issue. comScore, Inc. v. Integral Ad Sci., Inc., 924 F. Supp. 2d

677, 686 (E.D.Va. 2013). Nevertheless, the manufacturing of the products described as

"commercial embodiments of the asserted patents-in-suit" are not produced or developed in this

District. (Doc. Nos. 26 at 7, 26-2 at 1, 39 at 8, 41 at 10). Rather, these products are made in

Augusta, Georgia (Doc. No. 26 at 11); McRae, Georgia (Doc. No. 26 at 7, 39); and/or South

Carolina, (Doc. No. 26 at 7).

Plaintiff also contends that forum in this District is proper because the causes of action

are specifically about protecting the '134 and '436 patents, which are used in products that are

researched, developed, manufactured, sold, and marketed by the Plaintiff's subsidiaries located

in this District. (Doc. No. 40 at 8). However, the activities listed by Plaintiff, (Doc. Nos. 31 at 1-

2, 40 at 8), are not substantially related to the causes of action at hand. The activities of non-

party subsidiaries (e.g., developing and manufacturing mowers that might use Plaintiff's patents-

in-suit) do not materially relate to the actual conduct which gave rise to the suit. See General

Creation, 192 F. Supp. 2d at 504-05; Ion Beam, 156 F. Supp. 2d at 563. Furthermore, the two

named subsidiaries are not where the alleged patents were made: the named inventor of the '436

patent, Mr. Paul Coates, lives in Darlington, United Kingdom, (Doc. Nos. 26-3, 26-5); while Mr.

Lambert, Plaintiff's only named inventor who currently resides in this District, lived in

Summerville, South Carolina when the '134 patent was developed and when the application for

said patent was filed. (Doc. No. 26-4 at 2).

When the conduct giving rise to the complaint did not occur in the forum district, the

weight of that chosen forum is diminished significantly. Sandvik Intellectual, 2010 WL 1924505,

at *6; Parham, 323 F. Supp. 2d at 743. Plaintiff has not provided sufficient evidence to establish

a significant connection between this District and the events related to this case. Therefore, this

Court finds the Magistrate Judge properly concluded Plaintiff's choice of forum should receive

little deference based on this District's relationship with Plaintiff's cause of action.

B.      Remaining Factors Within the Inquiry Being Potentially "Tainted"

Plaintiff objects to the remainder of the analysis provided by the Recommendation,

arguing that those factors were "tainted" by the reliance on factual inaccuracies and previous

failures to afford appropriate deference to Plaintiff's choice of forum. (Doc. No. 40 at 10-14).

> When considering a motion to transfer, courts should consider, among other things,
> eleven factors: 1) the plaintiff's choice of forum, 2) the residence of the parties, 3)
> access to evidence, 4) the availability of compulsory process for witnesses and the
> costs of transporting and obtaining those witnesses, 5) the possibility of a view by
> the jury, 6) the enforceability of a judgment, 7) the relative advantages and
> obstacles to a fair trial, 8) practical issues affecting trial expediency and efficiency,
> 9) the relative court congestion between the districts, 10) the interest of resolving
> localized controversies at home and the appropriateness of having the trial of a
> diversity case in a forum that is at home with the state law that must govern the
> action, and 11) the avoidance of conflict of laws. The factors are accorded different
> weights based on the court's discretion.

Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 362 (W.D.N.C. 2003) (citing

Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F.Supp. 93, 96 (W.D.N.C.

1990)). This Court may grant a motion to transfer if the qualitative nature of a Crockett analysis

indicates that transfer of venue is appropriate, and does not merely shift costs from the Defendant

to the Plaintiff. Jim Crockett, 751 F. Supp. At 95-96; Commercial Equipment Co., Inc. v.

Barclay Furniture Co., 738 F. Supp. 974, 977 (W.D.N.C. 1990).

Here, Plaintiff again contends the Magistrate Judge's determination that "the residence of

the parties" weighs in favor of transfer was clearly erroneous because the Magistrate Judge failed

to consider Mr. Lambert's current residence in the Western District of North Carolina. As has

been stated, the current residence of one inventor, out of several, employed by a non-party

subsidiary is of little relevance to this suit, and is not sufficient to warrant a finding of clear error.

General Creation, 192 F. Supp. 2d at 504-05. This is especially true since Mr. Lambert resided in

Summerville, South Carolina, at the time the patent was actually developed and filed. (Doc. No.

26-4 at 2); See also  Richo Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 481 (D.N.J. 1993)

(rejecting the argument that the parent company's relationship to a non-party subsidiary is

capable of establishing a sufficient connection between that parent company and the chosen

forum district).

Plaintiff also argues that determinations regarding the "access of evidence" and the

"location of witnesses" factors were made upon reliance of incorrect statements. Nearly all of

Defendant's witnesses and the relevant evidence needed are located in the District of Minnesota.

See In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009) (finding that the majority of

relevant evidence in patent infringement cases tend to come from the accused infringer and, as

such, the place where the defendant's documents are kept weighs in favor of transfer to that

location); In re Nintendo, 589 F.3d 1194, 1198 (Fed. Cir. 2009); and In re Google, Inc., 588 Fed.

Appx. 988, 991 (Fed. Cir. Oct, 9, 2014). Given that the majority of the relevant documents and

physical evidence needed are located in Minnesota as well, (Doc. No. 26), these factors

substantially influence considerations of transfer to that location. See In re TS Tech USA Corp.,

551 F.2d 1315, 1321 (Fed. Cir. 2008) (finding that the location of physical evidence,

documentary evidence, witnesses, and alleged conduct weigh heavily in considerations of venue

transfer).

Furthermore, Plaintiff objects to the Recommendation's conclusion regarding the

"availability of compulsory process" and "possibility of a view" factors, arguing that the

Magistrate Judge unfairly focused on convenience to Defendant and only scrutinized Plaintiff's

claims. However, the Recommendation explicitly contemplates these issues by considering the

amount of non-party witnesses able to be compelled to appear in Minnesota compared to North

Carolina, and also the relative inconvenience each party will incur in having their witnesses

appear in those venues and in obtaining, transporting, and storing the products-at-issue. (Doc.

No. 39 at 11-12). Since the bulk of non-party witnesses are located in Minnesota, and both

parties are concerned about the possibility of viewing Defendant's allegedly infringing mowers

which were manufactured, developed, and stored in Minnesota, (id.); (See also Doc. No. 26 at

13, 31 at 15, 33 at 8), the Recommendation adequately considered these factors in concluding

they weighed in favor of transfer.

Last, Plaintiff contests the Recommendation's conclusion that the "relative advantages"

and "trial expediency" factors slightly favor transfer, arguing that the Recommendation attaches

previous "improper" findings concerning the witness travel and compulsory service factors to the

"relative advantages" and "trial expediency" analyses. (Doc. No. 40 at 13).  The

Recommendation expressed that the "relative advantages" factor was determined by considering

matter "[o]ther than the issue regarding attendance of witnesses," (Doc. No. 39 at 13), and that

this finding does not result in a mere "improper shifting of cost from Defendant to Plaintiff."

(Doc. No. 40 at 13).  Both parties will invariably have to pay for air travel and inconvenience

one way or another regardless of this case's venue. (Doc. No. 39 at 13). Furthermore, the

Magistrate Judge did not commit a clear error in determining that practical issues affecting trial

expediency and efficiency slightly favored transfer because, unlike most suits substantially

influenced by these factors, here there is no litigation of parallel proceedings or duplicative use

of judicial resources that would heavily favor or disfavor transfer. St. Paul Fire & Marine Ins.

Co. v. Renne Acquisitions Corp., 3:09-CV-476-RJC-DSC, 3:09-CV-RJC-DCK, 2010 WL

2465543, *5 (W.D.N.C. 2010) (asserting that multiple claims-to-be-litigated should be joined

because they were essentially identical and several had already been adjudicated, thereby

protecting the Court's legitimate interest in avoiding a duplication of judicial resources). Rather,

after balancing all evidence presented, the Magistrate Judge concluded that "this factor slightly

favors transfer." (Doc. No. 39 at 13). Given that these factors were adequately considered by the

Magistrate Judge, it cannot be said that the Recommendation was clearly erroneous in

concluding the "relative advantages" and "trail efficiency" factors slightly favor transfer.

Therefore, for these reasons, this Court adopts the M&R and finds that the

Recommendation's analysis of the remainder of the <u>Crockett</u> factors were adequately evaluated.

## IV. CONCLUSION

Therefore, this Court **adopts** the findings of fact and conclusions of law specified in the

Magistrate Judge's M&R.

**IT IS, THEREFORE, ORDERED** that:

1.    Defendant's Motion to Transfer, (Doc. No. 25), is **GRANTED.**

2.    Defendant's Motion to Dismiss, (Doc. No. 19), is **DENIED WITHOUT**

**PREJUDICE;** and

3.    Defendant's Motion to Stay, (Doc. No. 23), is **DENIED AS MOOT.**


Robert J. Conrad, Jr.
United States District Judge